United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGELIQUE SMITH,

Plaintiff,

v.

EXELIXIS, INC.,

Defendant.

Case No. 4:24-cv-02615-KAW

**ORDER REGARDING 3/17/26 JOINT DISCOVERY LETTER RE: PLAINTIFF'S INDEPENDENT MEDICAL EXAMINATION**

[Discovery Letter No. 1]

Re: Dkt. No. 34

On March 17, 2026, the parties filed a joint discovery letter[1] regarding the scope of Plaintiff's forthcoming independent medical examination ("IME") pursuant to Federal Rule of Civil Procedure 35. (Joint Letter, Dkt. No. 34.)

As an initial matter, the parties agree that Defendant is entitled to an IME, but object to the scope of the examination. (Joint Letter at 2-4.) In sum, Defendant proposed a battery of testing that included cognitive screening and comprehensive psychiatric testing. (Joint Letter at 2.) After the parties' meet and confer, Defendant now requests an order compelling "an in-person IME consisting of a clinical interview, mental-status examination, and basic cognitive screening, with any further testing subject to prompt meet-and-confer upon a particularized showing of clinical necessity." *Id.*

In opposition, Plaintiff proposes that the Court: "(1) permit a Rule 35 psychiatric examination limited to a clinical interview and mental status evaluation; (2) deny authorization for

---

[1] The Court notes that the parties erroneously docketed this submission as a "Letter," rather than a "Discovery Letter Brief," which was not designated as an open motion requiring court resolution. (*See* Judge Westmore's Civil Standing Order ¶ 14(c).)

standardized psychological and cognitive testing absent a particularized showing of necessity; and (3) impose reasonable time and scope limitations consistent with Rule 35." (Joint Letter at 5.)

First, it is not clear to the Court how cognitive testing would be relevant to the claims alleged. Thus, the Court limits the examination to the clinical interview and mental status evaluation. After consulting with the examiner, the parties shall meet and confer regarding an appropriate time limit for the examination. Nonetheless, if, after the clinical interview and mental status evaluation, Defendant believes that additional testing is necessary and can make a particularized showing of necessity, the parties shall meet and confer regarding additional testing to take place at a later date.

IT IS SO ORDERED.

Dated: March 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2